CAVALLIOTIS v. LA FONCIERE DE FRANCE ET DES COLONIES et al. (CANARIS, Intervener).

(Circuit Court of Appeals, Second Circuit. April 13, 1921.)

No. 178.

1. Admiralty ⬳50—Intervention not denied for noncompliance with rules of procedure.

A right to intervene in a libel in which a fund was attached is not to be denied, where the intervener showed a right to be heard on his claim to a portion of the fund, though he did not comply, in his motion for intervention, with the requirements of admiralty rule 34 (267 Fed. xv), relating to procedure for intervention.

2. Admiralty ⬳50—Intervener held entitled to litigate claim to attached fund.

Where libelant had attached as the funds of a foreign underwriter a sum of money in the hands of the underwriter's agent, the claim by intervener, supported by the testimony of the agent, that the fund was paid by the underwriter to the agent to apply pro tanto on all losses sustained by the various shippers on the same vessel, including the libelant and intervener, establishes the right of the intervener to have determined his claim to a portion of the fund attached.

3. Attachment ⬳63—Foreign attachment against insurer cannot be sustained, where money was paid to agents for benefit of insured.

Where a foreign marine insurer had paid a sum of money to its domestic agent to be applied pro rata to the payment of the losses sustained by several shippers on a certain vessel, the fund belonged to the shippers, and not to the insurer, so that an attachment thereof as the fund of the insurer cannot be sustained.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Michael N. Cavalliotis against La Fonciere de France et des Colonies and others, in which Matthew Canaris filed a motion for intervention. From an order denying the motion, intervener appeals. Order reversed.

Duncan & Mount, of New York City (John A. McManus and E. V. Hellawell, both of New York City, of counsel), for appellant.

Walter F. Welch, of New York City (Vincent P. Donihee, of Brooklyn, N. Y., of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On July 1, 1918, the appellant shipped from New York to Piraeus, Greece, a consignment of merchandise on the American steamship Seguranca. Marine insurance aggregating $22,800 was placed on this shipment by the appellant through an insurance broker in New York City. This broker, through the agency of a broker in Paris, secured the insurance from the French underwriters. They are named as the respondents in the libel. There were other shippers of merchandise on this vessel, who, too, suffered loss. They also insured, through the same New York broker, in the same manner, and with the same underwriters as did the appellant. The policies of insurance were not delivered to the assured, but instead the assured, appellant, received a certificate from the broker certifying that the insurance was placed with the French underwriters. These French underwriters wrote the insurance at the rate of 6 francs to the dollar, but the certificates delivered to the broker in New York City, both to the libelant appellee and the appellant, were written in dollars and made no reference to the fact that the underwriters were obligated to pay only 6 francs to the dollar. On August 3, 1918, the shipments referred to became a total loss. The appellant and the other shippers, including the appellee, duly filed their proof of loss with the New York broker, who, in turn, forwarded such proofs to his correspondent in Paris, and he submitted such proofs to the underwriters. Subsequently, a provisional statement of loss was made up representing the goods insured by the respondents, and the respondents agreed to pay provisionally, pending receipt of the full proofs of loss, 50 per cent. of the amount claimed by them to be due, namely, 185,516.41 francs. The Paris broker received a credit to the New York broker's account for 85,478.49 francs. This money was deposited, at the time the attachment was granted, with the Paris branch of the Equitable Trust Company, in francs.

The secretary of the New York broker testified before the master that, at the time the marshal served the process, the money did not belong to the underwriters, "but belonged to the claimants in this case and is at their disposal," and, further, that none of the claimants had accepted the moneys, and that his firm would be glad to have them do so. The appellant made a demand upon the New York broker for his due proportion of the insurance money paid under this adjustment,

but the broker refused to make any payment, unless the appellant executed a release discharging the broker from any and all liability of loss and damage sustained by him by reason of the drop in foreign exchange. When these negotiations were pending, the appellee filed this libel and sought to attach the 85,478.39 francs. He thus sought, by his libel, to be paid in full in dollars for the loss sustained by him under the marine policies issued by such French underwriters. The libel alleges that the respondents, for a valuable consideration or premium, insured the appellee on 35 cases of nails and 14 cases of tissue paper, in the sum of $5,500, against the perils of the sea on the voyage from New York to Greece on the steamship; it alleged the disaster to the vessel and the total loss of the merchandise, and that the respondents were all foreign nonresident corporations having their principal office in Paris, France, and "that the respondents have property, funds, credit, and effects, to wit, money, in the hands of Smyth, Sanford & Gerard, Incorporated, of 68 William street, borough of Manhattan, city and state of New York, and the Equitable Trust Company of New York, at 37 Wall street, borough of Manhattan, city and state of New York." It was against this property that the foreign attachment was issued. The trust company and the broker filed affidavits denying that they had any funds or credits belonging to any of the respondents.

A reference was ordered, and the special master reported that the appellee was entitled to recover $5,550, the amount claimed, with interest. It was at this stage of the proceedings that the appellant sought his intervention into the proceedings, by obtaining an order from the District Court requiring the appellee "to show cause why the attachment should not be vacated and why the libelant should not be restrained from receiving any part of the said fund until the rights of the claimants thereto should be determined by the court, and restraining all proceedings until the determination of the motion." On the hearing of this application, the District Judge denied the motion. The contention of the appellant is that the payment was made in settlement pro tanto and of the underwriter's obligations to the owners of the cargoes insured. In the affidavit which supported the motion, the allegations of the libel were denied as to the ownership of the property and the title thereto was contested, the contention being that the appellant is entitled to a portion of the fund in question. It was further contended that, if the appellant be obligated to sue the underwriters to recover his loss, he would not be able to recover that portion of his loss which the underwriters have already paid to the broker in New York under the promise or terms of the provisional adjustment above referred to.

[1] The appellant claiming such interest could petition to intervene under admiralty rule 34 (267 Fed. xv) providing:

"If any third person shall intervene in any cause of admiralty and maritime jurisdiction in rem for his own interest, and he is entitled, according to the course of admiralty proceedings, to be heard therein, he shall propound the matter in suitable allegations, to which, if admitted by the court, the other party or parties in the suit may be required, by order of the court, to make due answer, and such further proceedings shall be had and decree rendered by the court therein as to law and justice shall appertain. But every such intervener shall be required, on filing his allegations, to give a stipulation with

sufficient sureties or an approved corporate surety to abide by the final decree rendered in the cause, and to pay all such costs and expenses and damages as shall be awarded against him by the court on the final decree, whether it is rendered in the original or appellate court," etc.

The appellant did not comply with the admiralty rules, but we are of the opinion that his intervention should not be denied because of this irregularity in his procedure. In *Krippendorf v. Hyde*, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145, it is said:

"The form of the proceeding, indeed, must be determined by the circumstances of the case. If the original cause, in which the process has issued or the property or fund is held, is in equity, the intervention will be by petition pro interesse suo, or by a more formal, but dependent bill in equity, if necessary. Relief, either in a suit in equity, or an action at law, may properly be given, in some cases, in a summary way, by motion merely, supported by affidavits." 110 U. S. 287, 4 Sup. Ct. 32, 28 L. Ed. 145.

[2] The equity powers of the federal courts over their own process to prevent abuse, oppression, and injustice, are inherent, and as extensive and as efficient as may be required by the necessity for their exercise. They may be invoked by strangers to the litigation, as incident to the jurisdiction already vested, without regard to the citizenship of the complaining and intervening party. *Gumbel v. Pitkin*, 124 U. S. 131, 8 Sup. Ct. 379, 31 L. Ed. 374. Because we believe the appellant has established his right to litigate the title to the fund attached by reason of his claimed interest therein, we think his application for the intervention should have been granted, and he should not be deprived therefrom because his procedure has not been in accordance with the rule. It is not disputed that the money in the possession of the New York broker came from the French underwriters, and was sent over to them to make adjustment for the benefit of the claimants who lost cargo, and was referred to by an officer of the broker's firm when he spoke of "the claimants in this case." He testified:

"Q. You don't claim it yourself? A. No; it belongs to the claimants in this case.
"Q. That is your conclusion? A. It is subject to their order. * * *
"Q. Have you any reason to change the testimony you gave them? A. No; I then testified that we had received certain funds from Maurice Levard on account of these losses, which we are holding as funds of the claimants."

[3] The master did not reach any conclusion as to the ownership of the funds, but merely certified the record to the court. There has been no judicial determination as to the title to the funds belonging to the respondents, and which were deposited with the broker in New York. If, upon the hearing which will take place, the appellant can show that the respondent's contracts were several, and not joint and several, as claimed by the appellee, and that the contracts were with the broker in New York, and that the respondents paid part of the loss to the broker and took a receipt therefor, and that such funds are held for several claimants and not for the appellee alone, then it is obvious that the attachment cannot be sustained. It can only be held valid, if it appears that at the time it was issued the broker in New York was holding funds belonging to the respondents. We think the appellant should be giv-

en this opportunity to offer evidence in this proceeding showing, as to the adjustment claim, the intention of the underwriters when the moneys were deposited, and for whose benefit they were deposited, and also as to whether the contracts were several, and not joint and several, as claimed. With claims such as the appellant advances under oath, with the denial of the allegations of the libel, we think the fullest op·portunity should be given to the appellant as intervener to make good his claims.

The respondents having entered no appearance, the moneys attached by the marshal are within the control of the court. The appellant under his motion for general relief is entitled to intervene for the protection of his interest therein, if any, upon complying with admiralty rule 34.

The order is reversed, and the court below directed to proceed in the cause in accordance with this opinion.