*549
 
 Mr; Justice Story
 

 delivered the opinion of the Court.—
 

 This is the same cause which came'before-this-Court at February term, 1823, and is reported in 8
 
 Wheat.
 
 391.- The'cause having been remanded to.the District Court of Louisiana for farther proceedings, the libel or information was there amended, so as to become, technically, an exchequer information of seizure; and the parties being at issue upon the question of forfeiture, thp jury returned a.verdict?’for tne claimants,' upon which judgment was rendered in their favour.- Upon the writ of error now brought up on this last judgment, two grounds for reversal have been asserted' in the- assignment óf errors spread upon the record, and the Attorney General has now submitted them, after a brief exposition,, to the consideration of the Court. .
 

 • The first is in substance the same question which was decided By thiá Court, upon the. former appeal,- and is presented in the shape of a re-argument by the District-Attorney. Upon this it is unnecessary to say more, than that we adhere to the opinion formerly expressed,, and cañ p'érceive no reason for changing it. It is not the habit of this Court to consider points again open for discussion, which have been once deliberately decided, and have furnished the ground work of the judgment already rendered, in the same cause, in a former stage of its presentation here.
 

 The second ground is, that Messrs. Hazard. & Williams, in whose behalf the claim in this case-was interposed, are not the real owners of the wine under seizure, but the same was owned by one Charles Hall; so that the claimants -are not entitled to any.-judgment of' restitution.
 

 This objection is founded upon a mistaken view of thé tipie, nature and order of the proceedings proper in 'suits
 
 in rem,
 
 whether arising on the admiralty or exchequer side of the Court. In such suits, the claimánl is an actor, and is entitled to come before' the Court in that character only, in virtue of his proprietary interest in the thing in controversy.; this aloné gives him- a
 
 persona standi in judicio. '
 
 It is necessary that he should establish his right to that character, as 'k preliminary to his admission as a party,
 
 ad
 
 litem, capable of sustaining the litigation. He is therefore, in the regular and proper, course of practice, required in the first- instance, to put in bis claim, upon oath, averring in positive terms his -proprietary interest. If he refuses so to do, it is a sufficient reason for-a rejection of his claim. If the claim be.made thróugh the intervention of an agent, the agent is in like manner required to make oath to his belief of the verity of the claim; and if necessary, he may also be required -to produce an,d prove his authority, before he
 
 *550
 
 can be admitted to put ill the claim. If this is riot done,it furnisli-.es'matter of exception, and maytbe insisted upon .by the adverse party, for the dismissal of the claim. If the claim be admitted upon this, preliminary proof, it is still open' to contestation, and^ by a , suitable exceptive, allegation • in the admiralty, .or, by a correspondent plea in the nature of a plea in abatement, to the person of the" claimant, in.the exchequer, the facts of proprietary interejt, sufficient, to support, the claim, may be put' in contestation,, and formally decided. It is -in. this stage off-.the proceedings,- and iri this only, that the question .of the. cláimarit's'rigbi. is generally open for discussion. If the claim, is admitted without objection, and allegations .or pleadings to the merits are subsequently, put-in; it' is a waiver of the. preliminary inquiry, and an admission • that, the party is rightly in Court, .and capable of- contesting th'e merits. If indeed, it •should afterwards appear, upon the trial, éven after the merits-have been disposed of .'in favour of. the. claimants, that che claimant had, in reality,, no title 'to the property; but that the samé was the .property of a third person, .who' was not reprfe-sented by the claimant, or.- had an adverse interest, or whose rights had been defrauded, it might still be the duty of the Court to retain the property in it's own custody, until' the true ' owner might have an opportunity to interpose a claim, and receive it from the' Court. But such cases can rarely o.ccur; and are applications-to the discretion of the Court, for the furtherance of justice,; and, in nq:shape matters, which, the original
 
 promovent
 
 could-have a right to require at-its hands.
 

 From this review of the practice, as to claims.in proceed--ings
 
 in rein,
 
 R is obvious that the objection mow relied on, however apparent it.migh't be from the evidence disclosed upon the re,cord, Gould not be insisted on-as matter-Of error.- In a strict sense, however, this being a writ.of error upon -an éx-chequer information..tried b.y. a jury, .the. evidence given at the trial is -not properly, before us'; and- as a common law proceeding, the affidavit of .Mr. Hermcr constitutes po- part of the record. But, even if .that affidavit- wfercadmissible, and the objection were now open,. it is by no means clear, that it would be available. The property was by the -consent of Hall sold and conveyed to Messrs. Hazard Be Williams, in trust for himself. If that conveyance was fraudulent, as to creditors, it was not absolutely void, and' only, voidable by them. And,- at all events, we'eahnot but see-that they- had full authority.to interpose this claim, by the. consent of the. real owner.; and'the irregularity,' if any, prejudices no adverse right, and interferes with no rule of justice.
 

 The judgment of the. District Góurt.must therefore be affirmed. But a certificate of probable cause of seizure will be
 
 *551
 
 granted, as such probable cause is not denied to exist, and indeed is apparent from the verdict' of the first jury.
 

 This cause came on, Etc. on consideration whereof^ It is considered and adjudged by this Court, that there is no error in the judgment of the .said District Court of Louisiana in the premises, and that the same be and hereby is affirmed. And it is further Ordered and adjudged, that there was a reasonable cause of seizure of the wines, and promises set forth, in the information, and that a certificate, thereof be entered-of record accordingly;- and that the' cause be remanded with directions to the District Court of Louisiana to make-restitution to the claimants. and. otherwise, proceed in thé premises, according to-law