OUR HOUSE, No. 2 *v*. THE STATE.

An indictment against a house, as a dram shop and nuisance, when a lien is not sought upon the property, need not state the owner's name, nor aver his knowledge of the unlawful traffic.

Where an offense, charged is continuous, as a prohibited traffic, carried on from day to day, it may be laid with a continuando.

An indictment is good which charges the facts constituting the offense substantially in the language of the Code.

Those provisions of the Code which prohibit the sale of intoxicating liquors by the glass, and which authorize proceedings *in rem*, against "dram shops," are not unconstitutional, and should be enforced.

*Appeal from Des Moines District Court.*

*Opinion by* GREENE, J. Indictment against "*Our House, No.* 2," in the city of Burlington, as a dram shop and public nuisance under the Code. Demurrer to the indictment overruled. Plea not guilty. Verdict and judgment against the house as a nuisance.

The objections to the proceedings may be considered under two heads. 1. The sufficiency of the indictment. 2. The constitutionality of the statute.

The indictment charged in substance that "Our House, No. 2," which is particularly located and described, is kept as a dram shop and public nuisance by Harrison Shaw; that intoxicating liquors have been sold therein by the glass, with a view to their being drank on the premises, in said county, on divers days, between the first day of December, A. D. 1852, and the twenty-fifth day of April, A. D. 1853, to divers persons to the grand jurors unknown, contrary, &c.

It is objected that the indictment is defective, in not alledging the particular days on which sales were made ; in not averring the owner's name and knowledge of the unlaw-

ful traffic, and in averring the charge in the form of a *continuando*.

The indictment is framed under §§ 926 and 932 of the Code, and does not contemplate holding a lien on the building and lot as provided in § 933, consequently the averments proposed in reference to the owners of the property were not necessary.

Nor is it necessary to state any particular day upon which the statute was violated. The offense charged, is continuous, a prohibited traffic, carried on from day to day, and may, with propriety, be laid with a *continuando*. It is objected that unless the time is designated, this trial could not be pleaded in bar to a subsequent prosecution for the same offense. But clearly a subsequent prosecution could not be sustained for the *same offence*, within the time mentioned in the indictment. Still another indictment might be found and successfully prosecuted, for another offense growing out of the same transaction. This proceeding is merely to abate the nuisance ; another prosecution might be sustained against the keeper of the nuisance, for retailing intoxicating liquors by the glass. In a proceeding like the present, it would seem necessary to charge the nuisance as having continued from a given time, to the time suit was commenced. If the dram shop had only been in operation on one or two given days, and not continued, where the necessity for abating the nuisance?

In all particulars, then, we consider the indictment sufficient in form. The offense, and the facts which constitute it, are charged with clearness, and substantially in the language of the statute. This is all that can be required. *State* v. *Seamons,* 1 G. Greene, 418 ; *Buckley* v. *State,* 2 ib., 162 ; *Nash* v. *State,* ib., 286 ; *State* v. *Chambers,* ib., 302 ; *Romp* v. *State,* 3 ib., 276 ; *Winfield* v. *State,* ib., 339.

2. We are next to consider whether the statute which authorized an indictment against a dram shop, is constitutional. The Code prohibits places commonly known as

"dram shops," declares them public nuisances, and a violation of the law prohibiting the sale of intoxicating liquors by the glass. To abate such nuisance, under an indictment like the present, not seeking to hold the building and lot liable, the proper officer may take possession of the establishment, and sell the furniture, vessels and other goods found therewith, for the payment of the fine and costs. Code, § 935. In this we see no conflict with the rights of persons and property, as sanctioned by the constitution. The statute is intended as a great public benefit. It seeks to abolish a general and growing evil, which is having a most degrading effect upon the moral and physical condition of our race. It seeks to keep men from the common use of those intoxicating and poisonous beverages which so frequently lead to the ruin of property, character and health, and are proved to be the leading incentives to crime. It seeks to promote the general welfare, by prohibiting an excessive vice which is doing more to disqualify men for self-government, than all other influences combined. It seeks to keep men in a better condition to enjoy and protect their natural and legal rights, by drying up those corrupt sources of violence and wrong, from which can be traced most of the outrages upon those unalienable rights of life, liberty, property, safety and happiness, which our constitution claims to protect. A law having such objects in view, striking as it does at the fountain head of the evil, and still doing no violence to the political rights of the offender, cannot be regarded as unconstitutional.

Under our federal, as well as under state constitutions, it is not uncommon to pass laws declaring articles to be forfeited, when they are used for illegal or criminal purposes. This is the case under the laws prohibiting counterfeiting, smuggling and piracy. So also, with obscene books and pictures.

The act of Congress of 1790 in relation to the collection of revenue, authorizes proceedings, *in rem*, against the goods, wares and merchandise, for a breach of that act, simi-

lar to those authorized *in rem*, in the chapter of the Code under which this indictment is framed. So with the act of Congress of 1819, in reference to vessels in which piratical aggressions have been attempted. Still the constitutionality of those acts have never been questioned.

That proceedings *in rem*, against property used for unlawful purposes, may be sanctioned by laws, without doing violence to the constitution, is conclusively settled by the highest judicial tribunal in our country. *Cargo of Paulina* v. *United States*, 2 Cond., 411 ; *Cargo of Aurora* v. *United States*, ib., 541 ; *United States* v. 1960 *bags of Coffee*, 3 ib., 187 ; *United States* v. 30 *hhds. Sugar*, ib., 353 ; *United States* v. 150 *crates Earthen Ware*, 4 Cond. 242 ; *United States* v. 6 *Packages Goods*, 5 ib., 161 ; *United States* v. 350 *Chests Tea*, 6 ib., 593 ; *United States* v. 422 *Casks Wine*, 1 Pet. 547 ; *United States* v. 84 *Boxes Sugar*, 7 ib., 453.

Again, the revenue laws of every state in the union authorize proceedings *in rem*, against the property alone, in the event of failure to pay taxes, and such laws are not considered unconstitutional.

This proceeding under the Code does not deprive a person of his property without due process of law. The keeper of a dram shop is notified and has his day in court, with opportunities to defend. If the keeper is only a tenant, the landlord has an opportunity to see that the requirements of the law are observed in reference to his property, which he has permitted to be used for unlawful purposes. It is not necessary to make the owner of the property a party to the indictment. The Code distinctly authorizes the proceeding against the property itself, and the party in possession, or against either. Nor is it necessary that the person should be convicted before the property can be reached. The property is made an offender as well as the person who deals in the prohibited article, and the state may elect which to proceed against, or proceed against them jointly.

The principles objected to, as unconstitutional, in this chapter of the Code, are fully recognized in " *The Palmyra*," 12 Whet., 13. In the opinion by Judge Story, it is said : " The thing is here primarily considered as the offender, or rather the offense is attached primarily to the thing, and this whether the offense be *malum prohibitum* or *malum in se*. The same principle applies to proceedings *in rem*, on seizures in the admiralty. Many cases exist where the forfeiture for acts done, attach solely *in rem*, and there is no accompanying penalty *in personam*. Many cases exist where there is both a forfeiture *in rem* and a personal penalty. But in neither class of cases has it ever been decided that the prosecutions were dependent upon each other. But the practice has been, and so this court understands the law to be, that the proceeding *in rem*, stands independent of, and wholly unaffected by, any criminal proceeding *in personam*." In this same case, the doctrine is held that no personal conviction of the offender is necessary to enforce a forfeiture *in rem*. The principles of law endorsed in " *The Palmyra*" are especially appropriate to the case at bar. True, in this case, the offense is *malum prohibitum*, but Judge Story declares the doctrine to be the same, as when the act is in itself criminal. In either case the legislature has the power to direct proceedings *in rem*, independently of proceedings *in personam*.

The legislative right to pass laws to protect the health, the morals, the property and the lives of the people, is not only the prevailing object of all civilized constitutions, but it is also the very foundation upon which *our social system* rests, and he who violates those laws may not only forfeit property and personal liberty, but also life itself. It is a fundamental principle of protection to society, that the majesty of the law must be enforced against offending members; and against offending property. If property becomes a nuisance, if prejudicial to the health or morals of the public, it may be abated or destroyed by legal sanc-

tion. This power is in harmony with self preservation, and is essential to every organized community.

We conclude, then, that those provisions of the Code which prohibit the sale of intoxicating liquors by the glass, and authorize preceedings *in rem*, against " dram shops," are not unconstitutional.

Judgment affirmed.

*Hall* and *Thompson*, for appellant.

*Chas. H. Phelps*, for the state.