Kennerley v. 3,563 Casks of Martinique Rum.

# WILLIAM J. KENNERLEY, AVELINO GONZALEZ, Libellants,

## *v.*

# THREE THOUSAND, FIVE HUNDRED AND SIXTY-THREE CASKS OF MARTINIQUE RUM.

San Juan, Admiralty, No. 1309.

CLAIM OF BAILEE.

Admiralty—Claim of Owner.
    Where the master has abandoned the vessel, claim for the goods
    on board may be made by the owner.

Opinion filed August 11, 1919.

*Mr. F. H. Dexter* for claimant.

*Mr. A. B. Frazer* for libellant.

HAMILTON, Judge, delivered the following opinion:

In this case the libellant seeks to subject certain rum from a vessel abandoned by the master, and the claimant files a claim under oath that as the managing owner of the vessel he is entitled to possession of the property. The master unquestionably is the agent of the cargo owner and in absolute control even to the sale of the cargo in an emergency. Carver Carriage of Goods by Sea, 3d ed. §§ 294–297, 300, 302, 305, 308; McKinlay v. Morrish, 21 How. 355, 16 L. ed. 104; United States

v. 422 Casks of Wine, 1 Pet. 547, 7 L. ed. 257. In the case at bar there is no master, he having abandoned the vessel and never coming into the case. It is not perceived, however, that this makes any difference. The master of a vessel, after all, only represents the owner, representing him, it is true, under present statutes, only to the extent of the value of the vessel, unless the owner has intervened in some contract and made himself personally liable. Great Lakes Towing Co. v. Mill Transp. Co. 22 L.R.A.(N.S.) 769, 83 C. C. A. 607, 155 Fed. 11. The basis for the exception is admiralty rule No. 26, which is as follows: "In suits in rem the party claiming the property shall verify his claim on oath or solemn affirmation, stating that the claimant by whom or on whose behalf the claim is made is the true and bona fide owner, and that no other person is the owner thereof. And where the claim is put in by an agent or consignee, he shall also make oath that he is duly authorized thereto by the owner; or if the property be, at the time of the arrest, in the possession of the master of a ship, that he is the lawful bailee thereof for the owner."

The argument is that the claim does not state that the claimant is the owner, and that no one else has an interest. The rule, however, does not require this, for this provision relates only to a party coming in under the claim of ownership. The rule covers several other claims, whether as an agent or consignee, or as the bailee for the owner, in this instance of the cargo. The rule in terms does not mention the case of a claim on behalf of the owner of the ship, but it is in principle covered by the clause relative to claim by the master of the ship; for the master is but the agent of the owner, and here as in every other case an

Kennerley v. 3,563 Casks of Martinique Rum.

undisclosed principal may take advantage of the contract of his agent.

This being so, the claim seems to be in substantial compliance with the rules and practice in admiralty, and the answer conforms to the claim. The exceptions are therefore overruled, and it is so ordered.