## UNITED STATES v. FRANZIONE.

(Court of Appeals of District of Columbia. Decided February 5, 1923.)

No. 3812.

1. **Intoxicating liquors** ⊜⟹244—**Search warrant is exclusive remedy to secure possession of property used in violation of Prohibition Act.**

Under National Prohibition Act, tit. 2, §§ 18, 25, making it unlawful to sell or possess for sale any preparation designed or intended, or any property designed for the manufacture of liquor intended for use in violation of the act, and providing that search warrant may issue as provided in title 11 of Act June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), which title contains a complete code of procedure for the allowance and execution of search warrants, the procedure prescribed in that title must be followed for the seizure of the property used in violation of the Prohibition Act, and it cannot be seized under a common-law libel in rem, since the Prohibition Act is in derogation of common-law rights of citizens, and the specific procedure provided for its enforcement must therefore be regarded as exclusive.

2. **Intoxicating liquors** ⊜⟹244—**Provisions of act for seizure from automobiles, etc., held not to authorize libel in rem.**

The provisions of National Prohibition Act, tit. 2, §§ 26, 27, 39, authorizing immediate seizure of vehicles used to transport intoxicating liquors and of the liquor so transported, extending the authority of the court to cases where intoxicating liquors are subject to be destroyed by permitting the court to dispose of them for specific purposes, and regulating the service of summons in certain cases, do not authorize the seizure of property used in violation of the act by common-law libel in rem, instead of by search warrant.

Appeal from the Supreme Court of the District of Columbia.

Libel by the United States against Raphael Franzione, condemning property used in violation of the National Prohibition Act. Libel dismissed, and the United States appeals. Affirmed.

Peyton Gordon, of Washington, D. C., for the United States.

A. L. Newmeyer and M. W. King, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. A libel was filed by the United States in the Supreme Court of the District of Columbia, alleging that certain malt extract, malt syrup, hops, bottle openers, corks, and other like property were then in the possession of one Franzione at certain premises in the District of Columbia; that the articles were designed and intended for use in the unlawful manufacture of intoxicating liquor for beverage purposes, in violation of sections 18 and 25 of title 2 of the National Prohibition Act (41 Stat. 313, 315); and praying that a warrant issue for the seizure of the articles, with notice to claimants, and that they be disposed of by destruction or otherwise, as the court might provide. A writ was issued, the articles were seized, and notice was served upon Franzione.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

286 F.—49

Thereupon Franzione filed a motion, predicated in part upon the contention that the act under which the libel was filed did not afford the remedy sought. The motion was sustained by the court, the seizure was quashed, the libel was dismissed, and the property was returned to Franzione. The government appealed.

Section 18 of title 2 of the National Prohibition Act (41 Stat. 313), provides among other things that it shall be unlawful to sell or possess for sale any preparation or substance designed or intended for use in the unlawful manufacture of intoxicating liquors. Section 25 of the same act provides, among other things, that it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating the act, and that no property rights shall exist in any such liquor or property. This denunciation is immediately followed by the provision that a search warrant may issue as provided in title 11 of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v), and such liquor, and such property so seized, shall be subject to such disposition as the court may make thereof. If it be found that such liquor or property is unlawfully held or possessed, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or is in part used for business or like purposes.

Title 11, thus referred to, relates to search warrants, and provides a complete code of procedure for the allowance and execution of such writs, the proceedings to be had thereupon, and the legal incidents thereof. Among other things, it provides that the writ cannot be issued, but upon probable cause, supported by affidavit, and that the judge or commissioner before issuing it must examine on oath the complainant and any witness he may produce, and require their affidavit or take their depositions in writing and cause them to be subscribed by the parties making them. If a writ issue, and property be seized thereunder, it shall be retained and disposed of according to law, by a court having power to so inquire. The title furthermore provides penalties against the willful obstruction of an officer when serving such a writ, likewise against any person who maliciously and without probable cause procures the issuance and execution thereof, and also against any officer who when serving the writ willfully exceeds his authority, or exercises it with unnecessary severity. The procedure thus provided by title 11 as aforesaid was not pursued in the instant case, for no search warrant was applied for or issued. The government, however, contends that the procedure by search warrant is not exclusive under the act, and that a common-law proceeding in rem by libel is equally regular.

[1] The trial court overruled that contention, and we think that its ruling was correct. Section 25 makes unlawful and punishable certain acts which before that time were lawful, and at the same time it prescribes a code of procedure for the prevention and punishment of the forbidden acts. The National Prohibition Act was phrased with mani-

fest particularity, and with a purpose of providing in detail for all possible contingencies which might arise under it, and the procedure prescribed by it in section 25 should have been followed in the instant case; for it is a well-established rule of statutory construction that when a law is enacted in derogation of the common-law rights of citizens, as by imposing penalties upon acts which were theretofore lawful, and as part of the enactment a specific procedure is provided for its enforcement, the prescribed procedure must in general be regarded as exclusive and in a sense jurisdictional, unless the context or legislative history of the act plainly requires a different construction. There is nothing in the present law to justify a departure from the foregoing rule in this particular. Lewis' Sutherland, Statutory Construction (2d Ed.) § 720; Endlich, Interpretation of Statutes, § 470; Crowder v. Fletcher, 80 Ala. 219.

[2] Sections 26, 27, and 39 of title 2 of the act are discussed by counsel in the briefs, but we do not think that they affect the question herein involved. Section 26 provides for the immediate seizure, by officers of the law, of vehicles when used for the transportation of intoxicating liquors in violation of the law, and also of the liquors so transported. It also provides for the proceedings which are to follow the seizure. Section 27 does no more than extend the authority of the court in cases wherein intoxicating liquors are subject to be destroyed under the act, by permitting the court to dispose otherwise of them for certain specific purposes. Section 39 regulates the service of summons in certain cases. None of these sections is inconsistent with the conclusion herein reached.

It may be noted again that the present case is based upon the National Prohibition Act only, and does not seek a forfeiture of the described property under the revenue laws, customs laws, food and drug acts, or other enactments. See, also, U. S. v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043. In U. S. v. Crossen (D. C.) 264 Fed. 459, it is said:

"In no case is a prohibition officer or agent justified in seizing intoxicating liquor or other property without a search warrant, except as provided in section 26, which makes it his duty to seize all intoxicating liquors found being transported contrary to law in any wagon, buggy, automobile, water or air craft, or other vehicle. Upon seizure in either case, however, the act contemplates a remedy by orderly process of law for the disposition of the intoxicating liquor seized."

See U. S. v. Cadillac Automobile (D. C.) 255 Fed. 173; U. S. v. Crossen (D. C.) 264 Fed. 459; U. S. v. Hydes (D. C.) 267 Fed. 470; U. S. v. Hudson Car (D. C.) 274 Fed. 473.

The decision of the Supreme Court is accordingly affirmed.