## UNITED STATES v. SPECIFIED QUANTITIES OF INTOXICATING LIQUORS et al.

(Circuit Court of Appeals, Second Circuit. June 1, 1925.)

No. 382.

**1. Admiralty ⊂⇒72—Searches and seizures ⊂⇒3—Propriety of seizure may be raised by motion to vacate.**

Either at law or in admiralty, the validity of an attachment or the propriety of a seizure in rem may always be raised by a motion to vacate.

**2. Intoxicating liquors ⊂⇒250—Proceeding for forfeiture falls when seizure is held illegal.**

The United States, by filing a libel for forfeiture of liquor seized by prohibition agents, acquires no other or greater title to, or right in the liquor than that obtained by the seizure, and when the search warrant under which the seizure was made is vacated, the right of forfeiture also falls.

In Error to the District Court of the United States for the Southern District of New York.

Libel by the United States for forfeiture of specified quantities of intoxicating liquor; J. B. Bindell Company, claimant. From an order directing return of the liquor to claimant, libelant brings error. Affirmed.

It is admittedly true that claimant is a chemist, holding a permit authorizing the making of pharmacal and other preparations, and by virtue thereof he had in his possession certain barrels of alcohol.

Prohibition agents, under a search warrant issued by a United States commissioner, pursuant to the provisions of the so-called Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), entered upon Bindell's premises, seized said alcohol and certain apparatus, and made return of said seizure.

Section 25 of title 2 of the statute (section 10138½m) provides for such a search warrant as was here used, and also declares that "property so seized shall be subject to such disposition as the court may make thereof."

Pursuant to what is common practice in this circuit, the alcohol, etc., was treated like an internal revenue seizure, and the libel herein was filed against that which had been seized. For the practice generally, see 33 C. J., 373 et seq.

The prayer of the libel is that the District Court would issue its process to the end, substantially, that that which had been seized by the prohibition agents might be "condemned by decree of forfeiture and the proceeds thereof distributed according to law."

We will assume (though this record does not show it) that process thereupon issued and the United States marshal took physical possession of the alcohol and other articles. Apparently at or about the same time that this libel was filed, Bindell was moving before the United States commissioner, who had issued the search warrant, to vacate it as unlawful. This motion the commissioner granted, and the government took no steps to appeal from or otherwise review the commissioner's action. It also appears that all proceedings other than this libel for condemnation against Bindell have been abandoned by the governmental officers; i. e., the prohibition unit has stated in writing that the claimant's license was to be restored to him, and that claimant was warranted under the law in obtaining and possessing the alcohol which is the principal subject of this suit.

As soon as Bindell had thus been vindicated by the Treasury Department and the United States commissioner, a motion was made in this case "for an order vacating the attachment herein and for judgment on the pleadings." On the return day of this motion, all of the above facts appeared, whereupon an order was entered to the effect that "said motion be and the same hereby is in all respects granted; and it is further ordered that the United States marshal, his deputies and assistants, are hereby directed to return to J. B. Bindell Company, the claimant herein, forthwith, seven barrels of alcohol heretofore seized and stored under lot K8784."

Thereupon the United States brought this writ.

Emory R. Buckner, U. S. Atty., of New York City (Francis A. McGurk, Asst. U. S. Atty., of New York City, of counsel), for plaintiff in error.

Sanford H. Cohen, of New York City, for claimant and defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Whether these prohibition matters are properly treated like revenue seizures, or whether cases like this, called by the amazing name of "common-law libels in rem," are forbidden (United States v. Franzione, 286 F. 769, 52 App. D. C. 307) by the statute, are questions suggested but not raised by this record.

If the facts shown without contradiction on the motion herein had been proved at a trial, the libel would have been dismissed as of course; so the only real questions raised by this writ are these: (1) Can such a motion as this be made? or (2) Did the United States by issuing process under the libel gain some new rights in the res greater than those obtained by seizure under the search warrant?

[1] We do not propose to inquire into the nature or origin of suits of this kind; they have existed longer than the government of the United States, and to attempt to assign them to any special category of law or admiralty is unnecessary and unprofitable. It is enough to hold as we do, that, either at law or in admiralty, the validity of an attachment or propriety of a seizure in rem can always be raised by a motion to vacate. The practice is elementary. Therefore it was proper to move to vacate this seizure. Ordinarily a sheriff or United States marshal does not require to be specially told to whom he shall restore possession of what he improperly seized, but, as the marshal had received the goods from the prohibition agents, it was well to tell him where they should go, for the authority of the agents to have the goods at all had been destroyed by the vacation of search warrant by the United States commissioner. By directing

return to Bindell, departmental red tape was probably avoided.

[2] As to the second inquiry stated above, we hold that the United States as libelant had or could assert no other or greater title to or right in the liquor, etc., than that obtained by seizure under the Volstead Act. As libelant it stood in the shoes of the seizing prohibition agents; therefore it had no greater rights under the libel than under the search warrant; and, when the latter fell, the right to hold the res also fell.

It follows that the order complained of was right in directing return of liquor, and that was the only part thereof which was final. The motion for judgment was granted, but, so far as this record shows, no judgment or decree was ever entered. We have considered the order for return of goods as final, and treated it accordingly. Cavalliotis v. La Fonciere (C. C. A.) 272 F. 803.

Order affirmed.