## AVIGNONE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.
May 10, 1926.)

No. 295.

**1. Intoxicating liquors ☞250—Libel of information held to lie against quantity of whisky seized by United States without search warrant (National Prohibition Act, tit. 2, § 25 [Comp. St. Ann. Supp. 1923, § 10138½m]).**

Libel of information against quantity of whisky seized by United States without search warrant *held* to lie, as procedure by search warrant prescribed by National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), is not exclusive as a method of forfeiture.

**2. Intoxicating liquors ☞250—Libel of information against liquor seized without search warrant, alleging possession was unlawful, held sufficient as pleading, since claimants, if they wished more specification, might request bill of particulars (National Prohibition Act and title 2, § 32 [Comp. St. Ann. Supp. 1923, § 10138¼ et seq. and section 10138½s]).**

Libel of information against quantity of whisky seized without search warrant, in very general language, but from which it could be gathered that whisky was seized from possession of claimants, possessing it for beverage purposes, contrary to National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), *held* sufficient in form under section 32, title 2 (Comp. St. Ann. Supp. 1923, § 10138½s); it being enough to allege that possession was unlawful, as claimants, if they desired more specification, should have requested bill of particulars.

**3. Intoxicating liquors ☞250—Libelant, alleging possession of liquors intended for use in violation of National Prohibition Act, or already so used, has burden of proving one of such facts (National Prohibition Act, tit. 2, §§ 32, 33 [Comp. St. Ann. Supp. 1923, §§ 10138½s, 10138½t]).**

Where libel of information alleged possession of liquors intended for use in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), or already so used, libelant must prove one of such facts, since clause in section 32, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½s), concerning defensive negligence averments, does not affect such requirement, and section 33, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½t), does not apply thereto.

**4. Intoxicating liquors ☞250—On libel by United States against whisky, claimant did not have burden of proving that whisky was obtained under valid permit.**

On libel of information by United States against quantity of whisky taken without search warrant, burden was not on claimants of proving that permit under which whisky was obtained was valid.

**5. Criminal law ☞404(5)—Refusal of court to allow in evidence officer's signature, which he had testified was forged on whisky permits, as standard of comparison, held error.**

In libel by United States against whisky, where officer whose name appeared on permits testified his name was forged, refusal of court to allow in evidence his signature as standard of comparison *held* error.

**6. Intoxicating liquors ☞246.**

Whisky obtained by permit which is not regular is forfeitable while in carrier's possession, notwithstanding good faith of claimants.

**7. Intoxicating liquors ☞250.**

In libel against quantity of whisky, libelant, by exceptive allegation to claim, may challenge claimant's title, placing burden of proof thereof on claimant.

**8. Intoxicating liquors ☞253—After decree for libelant against quantity of whisky is reversed, court has power in its discretion to allow libelant to challenge claimant's title by exceptive allegation.**

After decree for libelant in libel against quantity of whisky is reversed, the court still has power in its discretion to allow libelant an exceptive allegation to claim, placing burden on claimant for title.

**9. Intoxicating liquors ☞254.**

Expenses of caring for liquors seized by government without search warrant is on claimants after filing of claim only.

In Error to the District Court of the United States for the Southern District of New York.

Libel by the United States against Frank Avignone and another, claimants. Decree for the United States, and respondents bring error. Reversed and new trial ordered.

Writ of error to a decree of forfeiture of the District Court for the Southern District of New York, directing the destruction of 200 cases of whisky and the recovery by the United States against the claimant of the expenses of caring for the same from the time of its seizure.

The United States, in September, 1921, without search warrant, seized 200 cases of whisky from the possession of a common carrier, consigned to the claimants by the Kentucky Distilleries & Warehouse Company. No one having appeared to claim the whisky, on October 15, 1923, it filed a libel of information against it, together with a large quantity of other liquors which it had seized and of which it wished to dispose. The libel was in very general and scarcely intelligible language, but from it could be gathered that the whisky had been seized from the possession of the claimants, who had possessed

it for beverage purposes, contrary to the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The claimants made claim of ownership and alleged that they had bought the liquor under proper permits.

The prohibition regulations prescribe that a buyer who is a dealer must first have a "basic" permit, which the claimants concededly had, and that in the case of each parcel he must apply for a special permit, which is issued in quintuplicate, one copy going to the seller. The seller must then ask of the prohibition officers a "letter of confirmation," after receiving which he may deliver the liquors. On the trial the libelant offered evidence to show that the permits and letter on which the whisky was sold were forged, and that the blanks had been stolen from their proper place in the office files. It further offered in evidence certain admissions of the claimants that they had bought through one Murphy, had made such applications as he requested, for which he gave them $3 a case, and had never received or lawfully sold any of the whisky.

In its proof of the forgery the libelant called one Reddy, whose name appeared on the permits and the letter. He swore that he had not signed them, and on cross-examination the claimants asked him to sign his name as a standard of comparison, which the trial judge refused to allow. This was assigned as error. Another assignment was that the judge charged the jury generally that the claimants had the burden of proof "to show that the permit was valid." Upon this charge the jury found for the libelant, and the court entered a decree upon the verdict.

Meyer Kraushaar, of New York City, for plaintiffs in error.

Emory R. Buckner, U. S. Atty., of New York City (John M. Harlan and J. A. Farmer, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] That a libel of information lies in such a case as this we do not doubt. The procedure by search warrant prescribed by section 25, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½m) is not exclusive as a method of forfeiture. It is true that U. S. v. Franzione, 52 App. D. C. 307, 286 F. 769, so holds, and that we avoided the point in U. S. v. Specified Intoxicating Liq-

uors, 7 F.(2d) 835; but the implication of Dumbra v. U. S., 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032, corroborates what seems to us the almost inevitable conclusion. U. S. v. Franzione, supra, went on the idea that there must be a search warrant for every seizure, a conclusion contrary to our decision in Rouda v. U. S., 10 F.(2d) 916, and answered by Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, unless all the discussion in that case is to be strictly confined to seizures under section 26, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½mm), which seems to us unlikely. The seizure at bar certainly could not be followed up in any other way, not being upon search warrant. It appears to us that the analogy of the procedure in customs cases obtains.

[2, 3] As a pleading the libel was sufficient in form under section 32, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½s). It is enough to allege that the possession, which is the "act complained of," was unlawful. If the claimants wished more specification, they should have got a bill of particulars. This being true, the vital question is of the burden of proof, as to which the case is of first impression. Normally a libelant must prove what he must allege, and as in effect this libelant alleged possession of liquors intended for use in violating the act, or already so used, it had to prove one of these two alternative facts. The clause in section 32 concerning "defensive negative averments" does not affect this requirement. The allegation that the liquors were to be so used, or had been, is neither defensive nor negative.

Nor does section 33, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½t) help. It is hard to see how the first sentence is applicable at all, though it would be in a criminal prosecution. On a libel of forfeiture, if there be no permit, the liquor has already been used in violation of the act and is forfeit. The last sentence of the section applies only to householders. Not only is this plain from its grammatical structure, but also from its meaning. It gives the householder a defense, though he has no permit, and provides that he must prove it like other defenses. But it is a special defense, applicable only to his situation, though there is indeed a complication in such cases into which we need not now inquire. It is enough that the defense is limited, and that in the case at bar the libelant has the burden.

[4, 5] Thus it appears that the charge was wrong in imposing the burden on the claimants. It was also error to refuse to allow in

evidence Reddy's signature as a standard of comparison. It is not an answer to these errors to say that the libelant proved its case so completely that they were immaterial. The error in excluding Reddy's signature makes it necessary to assume that the permit and letter were genuine. If they were also regular, the whisky had not yet been used in violation of the act. The proof of their irregularity was not conclusive. Reddy said that the letter was correct in form, though Tilton swore the opposite. The fact that the blanks were taken out of their order was not material, if the regulations, were followed. If, on the other hand, the permit and letter were regular and genuine, it was a debatable question whether the claimants intended to sell the whisky unlawfully. The libelant had to persuade a jury of the truth of one or the other of these facts.

[6] The new trial will therefore proceed as follows: If the libelant can show that the permit or letter is not regular or genuine, the whisky was already used in violation of the act. It was forfeit while in the carrier's possession. The good faith of the claimants is no defense; the vice taints the res. If the libelant fails in proving that either the permit or the letter was irregular or forged, it may still prove that the claimants intended to sell the whisky unlawfully or to allow Murphy to do so.

[7, 8] The case might have taken a very different form. Under Gallagher v. U. S., 6 F.(2d) 758 (C. C. A. 2), the claimants must prove a title good under the Prohibition Act. Mere purchase is not enough; under section 6, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½c) the buyer must have a permit which means a permit as prescribed in the regulations. A defect in this would invalidate the title. The libelant by exceptive allegation to the claim might have challenged the claimants' title. U. S. v. 422 Casks of Wine, 1 Pet. 547, 7 L. Ed. 257; The Prindiville, Fed. Cas. 11,435. As the claimant is the "actor" on that issue, he has the burden of proof to show title. The libelant has lost this advantage by not excepting in limine. U. S. v. 422 Casks of Wine, supra. At this stage of the proceedings the court still has power, in its discretion, to allow such exceptive allegations, and the libelant may wish to apply for leave. As the pleadings now stand, however, the burden is as we have said.

[9] Upon the question of who shall bear the expenses of caring for the liquors, we hold, with Williams v. U. S., 254 F. 48, 165 C. C. A. 458 (C. C. A. 5), that the charge is on the claimants after the filing of the claim. Until then the charge is on the libelant; it would be unfair to hold the claimants for the delays which occurred in this case. Besides, there is no ground for imposing a fine, which would in substance be the result if the expenses of condemning and destroying the liquor were imposed, so far as they are not increased by intervention of the claimants.

Decree reversed, and new trial ordered.