## The NG KA PY CASES (fourteen cases).

Circuit Court of Appeals, Ninth Circuit.
March 19, 1928.

Nos. 5208–5221.

**1. Intoxicating liquors ⊜⟜249—Consignment of imported liquor retained by customs officers without search warrant held contraband, subject to forfeiture where consignees never obtained possession (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Shipment from China of intoxicating liquors, landed at dock and taken to customs bonded warehouse as unclaimed goods awaiting permit for importation, and retained in possession of collector of customs, *held* contraband, and subject to forfeiture under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), though seizure was without search warrant.

**2. Intoxicating liquors ⊜⟜250—Proceedings to forfeit·imported intoxicating liquors in possession of customs officers commenced within five years, held not barred (28 USCA § 791).**

Proceedings by government for forfeiture of consignment of intoxicating liquors imported and in possession of customs officers *held* not barred, where commenced within five years after importation, since, if any limitation was applicable, it would be the five-year period prescribed by Rev. St. § 1047 (28 USCA § 791; Comp. St. § 1712), and not the three-year period of Act June 22, 1874, § 22 (Comp. St. § 1713).

Rudkin, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Proceedings by the United States for the forfeiture and destruction of 680 cases of Chinese liquor, called Ng Ka Py. To review judgments of forfeiture, claimant brings error. Affirmed.

Russell P. Tyler, Herbert Chamberlin, John L. McNab, Byron Coleman, and Timothy Healy, all of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. With a possible exception later to be noted, these 14 cases are in their legal posture substantially

identical, and a statement of the salient facts in the first will serve for all.

On October 25, 1921, the steamship Golden State arrived at the port of San Francisco from China, carrying as a part of her cargo 680 cases of a Chinese liquor called "Ng Ka Py," shipped in three lots from China to three consignees in San Francisco. As was at the time known to the collector of customs and other customs officials at the port of San Francisco, Ng Ka Py is intoxicating liquor within the definition of the National Prohibition Act (27 USCA), and there was no permit for the importation of this consignment. The liquors were landed on the dock in the customary way, where they lay a few days awaiting an application for their entry. No application having been received, they were taken to a customs bonded warehouse as unclaimed goods to be held until application, supported by the requisite permit, should be made for their entry. No such permit having been procured, the liquors were never entered, and never went into the possession of the consignees.

On December 16, 1921, and while they were in the customs warehouse the collector of customs formally "seized" them and declared them forfeited to the United States, in the method usually followed by customs officials in the case of illegal importations. The collector thus held possession of the liquors as forfeited goods and prohibited withdrawal thereof, and ever since that time they have been in San Francisco in the possession of the United States, acting through its collector of customs, except in so far as his custody may have been modified by the attachment of the United States marshal acting under process issued in this action. No search warrant was ever issued in respect to the liquors, nor has any one been prosecuted criminally for the illegal possession, importation, or transportation thereof.

This proceeding was brought to obtain a judgment of forfeiture and for the destruction of the liquors as being contraband under the National Prohibition Act. The claimant appeared, issue was joined, and a trial by jury ensued, resulting in a verdict for the government; whereupon it was adjudged that the liquors be forfeited to the United States and destroyed. The claimant brings error.

[1] No question is raised touching the sufficiency of the evidence to show that the goods were and are "intoxicating liquors," or of the regularity or propriety of any proceeding had in the course of the trial. As concisely stated in the brief of plaintiff in error, the single point urged by him is that "the court was without power to order forfeiture or condemnation under the National Prohibition Act for illegal importation"; the specific contention being that, because the liquors were not seized under a search warrant, the court is without the power to entertain the action.

If it be conceded that the proposition finds a measure of support in certain language used in Ghisolfo v. United States (C. C. A.) 14 F.(2d) 289, it is to be noted that there no seizure at all had been made, by search warrant or otherwise, and there was wholly wanting the jurisdictional prerequisite of possession of the offending res. The language relied upon was therefore unnecessary to the decision and must be regarded as obiter. That the real point intended to be decided was that possession is a necessary prerequisite to the maintenance of such an action becomes clear upon reference to the citations, which with a single exception are pertinent only to that question.

The National Prohibition Act expressly declares (section 25 [27 USCA § 39]) that " it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property," and further that, "if it is found that such liquor or property was so unlawfully held or possessed  *  *  *  [it] shall be destroyed, unless the court shall otherwise order." Hence, under the circumstances shown, the intoxicating liquors here in controversy were contraband and forfeitable. They never were in the possession of claimant, and in them he could have no property rights. Gallagher v. United States (C. C. A.) 6 F.(2d) 758. They came to the knowledge and into the possession of the customs officers in the ordinary course of the discharge by them of their official duties, and certainly not through the invasion of any constitutional or other right of the claimant or of any other person.

That being true, we need not consider whether, in a case where possession is obtained through an unlawful search, the unlawfulness forbids jurisdiction, or only affects incidents of its exercise. See Taylor v. United States, 3 How. 197, 11 L. Ed. 559, and Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392. All that we decide is that, the goods being contraband and subject to forfeiture, the seizure thereof, rightfully made, though without a search warrant, furnished ample basis for invoking

the power of the court to adjudge forfeiture. It was expressly so held by the Circuit Court of Appeals of the Second Circuit in Avignone v. United States, 12 F.(2d) 509, and impliedly, we think, by the Supreme Court in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, and Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392.

[2] The only other consideration urged is that in some way, by reason of the lapse of time or laches on the part of the officers of the government in bringing the actions, the court lost the power to adjudge forfeiture. In this aspect the cases fall into two groups, nine of them having been commenced much later than the other five. In view of the fact that the claimant never had possession of the goods, and can have no property rights therein, it is seriously questioned whether he has the requisite footing to make such a defense; he would seem to be wanting in legal interest. Gallagher v. United States (C. C. A.) 6 F. (2d) 758. But, however that may be, all the actions were commenced within less than five years after the importations, and if any limitation is applicable we think it is the five-year period prescribed by section 1047, R. S. U. S. (28 USCA § 791; Comp. St. § 1712), and not the three-year period of section 22 of the Act of June 22, 1874 (18 Stat. 190 [Comp. St. § 1713]). As to laches, it will suffice to say that not only did the claimant refrain from offering proof in support of his plea, but upon his objection the court declined to receive proof offered by the plaintiff explanatory of and tending to excuse delay.

All the judgments are affirmed.

RUDKIN, Circuit Judge (concurring). It is a mistake to assume that a proceeding such as this is authorized by the National Prohibition Act. Section 25 of that act authorizes the court to summarily destroy intoxicating liquor which has lawfully come into its possession under a search warrant or other lawful seizure, just as section 26 (27 USCA § 40) authorizes the sale of a vehicle discovered in the act of transporting intoxicating liquor and seized by an officer. But beyond this the National Prohibition Act does not authorize any proceeding for the destruction of intoxicating liquor or for the forfeiture of vehicles. The act does declare, however, that it shall be unlawful to have or possess any liquor, or property designed for the manufacture of liquor, intended for use in violation of that act, or which has been so used, and that no property rights shall exist in any such liquor or property, and because of this declaration a proceeding may no doubt be instituted, having for its object the destruction of such liquor or property. But such a proceeding is not under or authorized by section 25 of the National Prohibition Act. As said by Judge Hough in United States v. Specified Quantities of Intoxicating Liquors, 7 F.(2d) 835: "We do not propose to inquire into the nature or origin of suits of this kind; they have existed longer than the government of the United States, and to attempt to assign them to any special category of law or admiralty is unnecessary and unprofitable." In other words, the National Prohibition Act authorizes the destruction of intoxicating liquor by summary order when the liquor has come lawfully into the possession of the court, but authority for the destruction of liquor in other cases exists and must be found outside of that act. In Ghisolfo v. United States (C. C. A.) 14 F.(2d) 389, the forfeiture proceeding was instituted under section 25 of the National Prohibition Act, and we held that the proceeding could not be maintained without a seizure of the property.