**QUANDT BREWING CO., Inc., et al. v. UNITED STATES.**

No. 50.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1931.

Barkhuff & Conway, of Albany, N. Y., for appellants Quandt Brewing Co., Inc., and Nathan Ross.

James M. Noonan, of Albany, N. Y., for appellant Louis D. Levey.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The validity of the search warrant is attacked on the ground that it was issued without probable cause, and, as much of the evidence in this case was obtained by means of the search under it, that question must be decided. It was based on an affidavit executed by two prohibition agents, which showed that at about 9 p. m. on June 4, 1929 again at about 9:30 p. m. on June 5, 1929, and again at about 6:40 p. m. on the following day they visited the neighborhood of the premises and each time heard machinery in operation, smelled a strong odor of fermenting mash and alcohol of an alcoholic content of more than one-half of 1 per cent. unmistakably emanating from the inside of the premises, and that for several years they had "been familiar with spirituous, malt and other liquors and alcohol and fermenting mash, by reason of drinking, tasting, smelling, handling and testing the same." The warrant definitely described the premises to be searched, set forth that there was reasonable cause to believe that intoxicating liquors containing more than one-half of 1 per cent. by volume were manufactured and unlawfully possessed on said premises for sale and distribution; and commanded a diligent search for "said alcohol, liquor and property, vessels, bottles, glasses and other containers of said liquids, and apparatus and materials for manufacturing liquor." The return on the warrant shows that some property not within its scope was seized, but none of that was ordered destroyed.

■ The grounds for probable cause for the issuance of the warrant rested wholly on knowledge gained through the senses of sight, hearing, and smell. The buildings they saw were suitable for use as a brewery, the noise of the machinery they heard was, so their affidavit shows, like that made by machinery "such as is usually utilized in the operation of a brewery," and the smell of alcohol coming from the premises was strong. In Lee Kwong Nom et al. v. United States (C. C. A.) 20 F.(2d) 470, knowledge of the commission of a crime gained through smelling the fumes of smoking opium was held sufficient to enable officers to search a laundry without a search warrant. United States v. Borkowski (D. C.) 268 F. 408, holding that the commission of a crime may be detected by the sense of smell, was approved. So here the facts known to the affiants could but lead to the conclusion that a brewery making illegal beer was in operation. The argument that there was no reasonable cause for the issuance of the search warrant cannot be sustained without disregarding common knowledge and common sense. See, also, Dumbra v. United States, 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032. The warrant confined the search to adequately described premises and for property described as specifically as the circumstances required. Steele v. United States No. 1, 267 U. S. 498, 504, 45 S. Ct. 414, 69 L. Ed. 757. Nor was the search unlawful in respect to the property seized within the scope of the warrant because the officers who executed it exceeded their authority as to other property. McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556. Consequently we hold the search warrant valid.

■ As the property ordered destroyed was all lawfully seized and lawfully in the custody of officers of the court, it was subject to forfeiture in proceedings had under the search warrant. United States v. Franzione, 52 App. D. C. 307, 286 F. 769. This case holds that such procedure is exclusive, but we are already committed to the view that a libel of information lies also. Avignone et al. v. United States (C. C. A.) 12 F.(2d) 509. See The Ng Ka Py Cases (C. C. A.) 24 F.(2d) 772, and Daeufer-Lieberman Brewing Co. v. United States (C. C. A.) 8 F.(2d) 1, 3.

Where, however, there has been a lawful search and seizure under a valid warrant, the

procedure outlined in United States v. Franzione, supra, is certainly an appropriate, though not an exclusive, way to proceed. But the attempt of the government to procure an order for the disposition of the property before this suit in equity was heard met with an adverse decision, and apparently no further steps to proceed under the search warrant have been taken.

In this suit the court could grant only such relief as would conform to the case made by the bill of complaint. Finefrock v. Kenova Mine 'Car Co. (C. C. A.) 22 F.(2d) 627; Miller v. Hamner (C. C. A.) 269 F. 891, 896. The bill contained no allegations whatever to the effect that any search warrant had issued or that any search and seizure had been made. It was confined solely to allegations to show that a liquor nuisance existed, and in no way put in issue anything which would give the court power to act under the search warrant provisions of section 25 of title 2 of the National Prohibition Act (27 USCA § 39). Since the nuisance was established by the evidence, the closure of the premises was lawful against Levey, who knew or had reason to know of their unlawful use. The mortgagees stand no better than the owner. Section 22 of title 2 of the act (27 USCA § 34) contains no provisions for the protection of mortgagees as is found in title 2, section 26 (27 USCA § 40).

[8] The part of the decree providing for the destruction of property, however, was neither within the inherent power of a court of equity acting to abate a liquor nuisance under section 22 of title 2 of the act (27 USCA § 34), Hassel v. United States (C. C. A.) 34 F.(2d) 34, or within the scope of the bill of complaint. So it cannot now be treated as incidental relief properly granted on allegations showing the search and seizure under a warrant in a case where the jurisdiction of a court of equity had been rightly invoked to abate a liquor nuisance. In so far as the decree relates to destruction of property, the power of the court was so limited by the scope of the bill of complaint that it had nothing on which to act. In view of this, we find it unnecessary to consider other questions raised on this appeal or whether on proper allegations in the bill the decree could have included relief under section 25 of title 2 of the act (27 USCA § 39). The property seized has never been ordered returned, and may well await such action as is lawful.

The decree is modified by striking therefrom that part providing for the destruction of property, and, as so modified, is affirmed.