**ELDRIDGE et al. v. ISBRANDTSEN CO., Inc.**

No. 197 of 1949.

United States District Court
E. D. Pennsylvania.

April 11, 1950.

Freedman, Landy & Lorry, Philadelphia, Pa., proctors for libellants.

Philip H. Strubing, Philadelphia, Pa., proctor for respondent.

CLARY, District Judge.

This case is before us on libellants' exceptions to set-off contained in respondent's answer and a motion for summary judgment in favor of libellants. The pleadings to date consist of a libel in personam, an answer to libel and complaint incorporating respondent's "defense and set-off", libellants' exceptions to set-off and motion for summary judgment, in which pleading and

in support of their motion, libellants made certain exceptive allegations and respondent's exceptions to exceptive allegations.

The facts briefly are as follows. Libellants are seamen engaged by respondent for a foreign voyage on the S. S. Flying Arrow for a trip from the United States to the Far East including the ports of Manila and Singapore. Certain differences arose in both Manila and Singapore between the crew and one of the officers with resultant complaint to the American Consul at both ports. Upon the return to Philadelphia on April 4, 1949, libellants aver that respondent refused without just cause to pay their earned wages then due and owing. In its answer respondent admits its refusal but avers that the withholding was proper, lawful and with sufficient cause. Respondent flatly charges desertion at both Manila and Singapore and that the wages earned by libellants prior to that time (a sum in excess of the amounts withheld) were forfeited and as part of and integrated with this claim, it avers the right to "set-off" consequential damages suffered by it from delays occasioned by the alleged desertion and against the withheld wages claimed by the libellants. The libellants excepted to the set-off incorporating the exceptive allegations above referred to (which were promptly answered by exceptions on the part of the respondent), and moved for judgment for the reasons that

1. The set-off failed to state a cause of action.

2. The set-off did not set forth sufficient allegations to assert a cause of action under R.S. 4596, 46 U.S.C.A. § 701.

3. The set-off is barred by the prior discontinuance of a libel in which the respondent made a claim for damages against the libellants arising out of the same facts set forth by respondent in its "defense and set-off".

4. On the undisputed facts the respondent failed to make out a cause of action entitling it to set off its alleged claim against wages of libellants.

The basis of the exceptive allegations was in effect a chronologic outline of matters occurring before the American Consuls at Manila and Singapore which libellants contend completely negative the respondent's claim of desertion and they, therefore, contend that summary judgment for the amounts withheld must be entered with the question of statutory penalty for withholding of wages to be determined at the trial of the issue.

Exceptive allegations have long been sanctioned for use in Admiralty jurisdiction. There is no basis in either statute or rule for them. The earliest sanction is to be found in United States v. 422 Casks Of Wine, 1 Pet. 547, 26 U.S. 547, 550, 7 L.Ed. 257. A very thorough and learned discussion of the use of this unique device is to be found in the case of Suspine v. Compania Transatlantica, D.C., 37 F.Supp. 263, Hulbert, D. J. We agree with his views as to the reasonable limitations to be put on their use and we are not inclined to extend the application of the doctrine as asked for by the libellants in this instance, particularly in view of the fact that they do not encompass matters or bring to the attention of the court matters of which it may take judicial knowledge. We are in some degree persuaded to this view by the respondent's reiteration in its exceptions to the exceptive allegations of the fact of desertion.

The chief difficulty in this case arises from the pleading by the respondent of a joint defense and set-off, based first upon the allegation of desertion and in the alternative its right to set off and deduct from wages its consequential losses from delays due to the alleged desertion. The one important fact in dispute in this action and which must be resolved at the trial of the case on its merits is "Did the libellants fail and refuse without reasonable cause at Manila and Singapore, and with intent not again to return to duty on the vessel, to join the vessel in order to permit the vessel to proceed to sea?" This spells out the elements of desertion. If established at trial, and we are not determining that question on this motion, it may be that libellants' wages would be subject to forfeiture. If the intent of respondent's joint defense and claimed set-off is that

it intends to avail itself of the provisions of 46 U.S.C.A. § 706, which is a matter not before us, to that extent its answer may be considered as constituting a valid defense to its withholding of the wages. However, to the extent that it attempts to assert a right of deduction from seamen's wages to compensate itself for consequential damages of delay due to the alleged desertion, we find neither statutory nor decisional authority to sustain its position. The question of the right of a shipowner to deduct from a seaman's wages at the conclusion of a voyage is ably discussed at some length by Judge Augustus Hand in Shilman v. United States, et al., 2 Cir., 1947, 164 F.2d 649. In that case, Judge Hand enumerated the various sections of the Act which authorized deductions from seamen's wages. Included in that discussion were references to several subsections under 46 U.S.C.A. § 701. It will be noted that there was no discussion or mention of deductions for damages due to desertion, since Section 701(1) specifies the penalty for desertion which is forfeiture of wages. Read in connection with other sections authorizing deductions from seamen's wages for certain acts of misconduct and also in connection with Section 706 of the Act, which gives the owner the right to apply the forfeited fund to the "expences of desertion", we are impelled to the conclusion that the owner is relegated exclusively to his remedy against the forfeited fund for any recovery for expenses of desertion. We are aware of no decided cases in which an attempt was made, as in this action, to assert desertion not only as a defense to a libel, but, in addition thereto, claim the right of deduction as a set-off for consequential damages for delay due to desertion. We feel that the only deductions which may be made from a seaman's wages are those specifically authorized by the Act. If respondent should be allowed to assert a set-off in this manner, it would be indirectly nullifying the intendments of the statutes for the protection of seamen. In view of the averments of desertion reiterated by the respondent and its knowledge of the severe penalty imposed where seamen's wages are withheld without good cause, we feel that the question should be determined at the trial of the issue.

■ Two other questions raised in this motion require but very brief consideration. As to the exception averring that the respondent in discontinuing its libel in this court, which was Admiralty Action No. 107 of 1949, is barred from the defense set up in its answer, we do not feel that a voluntary dismissal of that action without a hearing on the merits in any way precludes the respondent from setting up by way of defense in this action the same averments as were incorporated in the discontinued action. Consequently, libellants' position in that regard is not well taken and the exception is overruled.

■ The other question as to the necessity of pleading the entry of the desertion in the logbook of the ship, as contended for by libellants, does not appear to be well taken at this time. The production of the logbook at the trial of the issue is a matter of evidence at the time of trial. That feature of the case will be decided on final hearing. It appears to us to be more evidentiary in character than a requisite of proper pleading.