NORTH AMERICAN STEEL PRODUCTS CORP., Shwayder Brothers, Incorporated, Max Schlossberg Co. and Artco Industrial Company, Inc., Libelants,

v.

THE S/S ANDROS MENTOR, believed since renamed THE S/S LOUROS, her engines, boilers, tackle, etc., and Clipper Line, Ltd., Cia. San Juan, San Rafael S. A., and Johs. Fritzen & Son, Inc., Respondents.

United States District Court
S. D. New York.

June 7, 1961.

---

Vincent & Grist, New York City, for libelants; Yorkston W. Grist, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for respondent Cia. San Juan; Gordon W. Paulsen, Richard G. Ashworth, New York City, of counsel.

METZNER, District Judge.

Respondent Cia. San Juan has filed an exception and exceptive allegations to the libel. The libel is for cargo damage, brought against the S/S Andros Mentor *in rem* and *in personam* against her owner, respondent San Rafael, her time charterer, Cia. San Juan, and respondent Johs. Fritzen & Son, Inc., New York agent for the time charterer. The time charterer asserts in the exceptive allegations that under its contractual relationship it cannot be held liable for the damages. The libelants argue that an exceptive allegation is not the proper procedure for raising this defense and that the time charterer in effect is seeking summary judgment through the use of this procedure.

■■ In admiralty an exception to a libel serves the function of a demurrer in common law or equity pleading and is directed to the libel itself. Rule 27, General Admiralty Rules, 28 U.S.C.A.; S.S. Nea Hellis, 2 Cir., 1941, 116 F.2d 803, 805; 2 Benedict on Admiralty § 334 (6th Ed.). An exceptive allegation, on the other hand, is a pleading which

"bring[s] to the attention of the court some fact or circumstance not · appearing upon the face of the libel but constituting in itself a complete bar to recovery." Benedict on Admiralty, supra, p. 469; Evangelinos v. Andreavapor Cia. Nav. S.A., D.C.S.D.N.Y.1958, 162 F.Supp. 520, 521.

Such allegations have long been sanctioned for use in admiralty, although there is no basis for them in either statute or rule. United States v. 422 Casks of Wine, 1 Pet. 547, 550, 26 U.S. 547, 550, 7 L.Ed. 257; Suspine v. Compania Transatlantica Centroamericana, D.C.S. D.N.Y.1940, 37 F.Supp. 263. In light of this history the practice can scarcely be challenged as a "basic procedural innovation" within the rationale of Miner v. Atlass, 1960, 363 U.S. 641, 650, 80 S.Ct. 1300, 1306, 4 L.Ed.2d 1462.

■ Reasonable limitations have been put on the use of exceptive allegations. The matters that may be brought up on exceptive allegations are similar to those presented by the old plea in abatement. Haiti (Standard Brands, Inc. v. Elliot Shipping & Land Co., Inc.), D.C.S. D.N.Y., 1938 A.M.C 895; Benedict on Admiralty, supra. Respondent's exceptive allegations regarding the charter parties do not fall within the limitations placed upon the use of such allegations. Sprague & Son Co. v. Howard, D.C.D.N. J.1946, 68 F.Supp. 348; Pineiro v. United States, D.C.N.D.Cal.1945, 62 F.Supp. 95; Sea Trade Corp. v. Bethlehem Steel Co., D.C.S.D.N.Y.1961, 192 F.Supp. 913.

Further, it is clear that exceptive allegations may not be used as a substitute for summary judgment. The Sydfold, 2 Cir., 1936, 86 F.2d 611, 612; Sea Trade Corp. v. Bethlehem Steel Co., supra; Socony Mobil Oil Co. v. S.S. Pacific Tide, D.C.S.D.N.Y.1960, 189 F.Supp. 724. Cf. also Eldridge v. Isbrandtsen Co., D.C.E.D.Pa.1950, 89 F.Supp. 718; Wnuczwnski v. Argonaut Nav. Co., D.C. D.Md.1955, 130 F.Supp. 439, 441; Cuban Atlantic Sugar Sales Corp. v. Marine Midland Trust Co., D.C.S.D.N.Y.1959, 169 F.Supp. 806.

The exception and exceptive allegations are therefore overruled. So ordered.