UNITED STATES v. THIRTEEN CASES OF NG KA PY (QUONG LEE & CO., Claimant.)

District Court, S. D. California, S. D. December 30, 1927.

No. 2482.

1. Intoxicating liquors ⊂⇒244—Courts have jurisdiction to condemn or declare forfeiture of liquor only as conferred by statute.

Jurisdiction to condemn or declare a forfeiture of liquor is not inherent in courts, but the power must be found in some statute, and such statutes, being in derogation of common-law rights of citizens, must be followed with at least reasonable strictness.

2. Intoxicating liquors ⊂⇒247—Court can declare forfeiture of liquor only when seized under search warrant, or while being unlawfully transported after conviction of person transporting.

Power is given courts by National Prohibition Act (27 USCA) to condemn and declare forfeiture of liquor only when seized under search warrant, or while being transported in violation of law, after conviction of the person so transporting.

Forfeiture Libel. Proceeding by the United States against Thirteen Cases of Ng Ka Py; Quong Lee & Co., claimant. Libel dismissed.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., and Elden McFarland, Asst. U. S. Atty., of La Jolla, Cal.

Young & Young, Wm. K. Young and Geo. A. Dockweiler, all of Los Angeles, Cal., for respondent and claimant.

McCORMICK, District Judge. Without the formality of obtaining a search warrant or other process, and not in connection with the arrest of any person for the violation of law, prohibition officers of the government seized 13 cases of Ng Ka Py, a Chinese medicinal preparation, in a warehouse in Los Angeles, Cal.

The shipment was made from San Francisco, Cal., to Los Angeles, and was not in course of transportation when seized, but was stored in said warehouse, preparatory to delivery to the consignee, the Sing Fat Company, at Los Angeles, Cal. Samples were taken from the shipment, and upon analysis by chemists of the Prohibition Department the entire shipment was declared to be intoxicating liquor for beverage purposes, and was accordingly removed from said warehouse to the warehouse of the Prohibition Department, where it remains.

The seizure was made in February, 1925, and on September 24, 1926, a libel was filed by plaintiff, substantially alleging the aforesaid facts, and further that said intoxicating liquor was in possession of Sing Fat Company, and was possessed by it in violation of section 3, title 2, of the National Prohibition Act (27 USCA § 12), and was therefore subject to condemnation, forfeiture, and destruction.

An answer and claim of Quong Lee & Co. was filed December 3, 1926, wherein forfeiture was resisted upon the grounds that the shipment was a medicinal preparation not fit for beverage purposes within the meaning of the Prohibition Law; that it had been previously and at the time of its importation from China seized by customs officers at San Francisco in January, 1922, but that no prosecution by libel or otherwise had been instituted against said shipment until the present libel, and that therefore this proceeding is barred by the statutes of limitations; that libelant is guilty of unreasonable delay in prosecuting this libel and the detention of said shipment is therefore unwarranted and said claimant is entitled to the return of said shipment. There are other defenses interposed in the answer which are unnecessary to be mentioned herein.

The matter came on regularly for hearing, and it was undisputed that the shipment was seized without process of any kind, and that it was so seized and has been libeled for the violation of the National Prohibition Law and not under any other statute.

[1, 2] Under this evidence the libel cannot be sustained, but must be dismissed as having no legal foundation. In Ghisolfo v. United States, 14 F.(2d) 389, the Ninth Circuit Court of Appeals, in disposing of a libel similar to the one at bar, stated: "The libel failed to allege a seizure of the property sought to be condemned under a search warrant or otherwise, and no such seizure was

in fact made. For this reason it is contended that the libel failed to state a cause of action, and that the court was without jurisdiction. Jurisdiction to condemn or make other disposition of intoxicating liquor * * * is not inherent in the courts. It is dependent upon statute, and the statute here in question confers no general jurisdiction in that regard. It simply provides that the outlawed property may be seized under a search warrant, issued as provided in the Espionage Act, * * * and it is only 'such property so seized' that is subject to the disposition of the court. Such is the plain language of the statute, and such has been the construction placed upon it whenever called in question"—citing cases. And further on in the same case the court said: "These decisions show very clearly that the power to condemn or declare a forfeiture must be found in the statute, and that such statutes must be pursued with at least reasonable strictness. The numerous cases cited by the government arising under the Food and Drug Act [21 USCA §§ 1–15] have no application here, because section 10 of that act [21 USCA § 14] expressly provides that the adulterated or misbranded food or drug shall be liable to be proceeded against in any District Court of the United States within the district where the same is found, and seized for confiscation by a process of libel for condemnation. The statute now before us contains no such general provision. On the contrary, it simply provides for condemnation, forfeiture, or other disposition of property seized under a search warrant, or of vehicles seized while engaged in the act of transporting liquor in violation of law, and of the liquor so transported, and nothing more."

And in United States v. Franzione, 52 App. D. C. 307, 286 F. 769, the Court of Appeals of the District of Columbia held that under the National Prohibition Act, making it unlawful to possess for sale any preparation designed or intended or any property designed for the manufacture of liquor intended for use in violation of the act and providing that search warrants may issue as provided in the Espionage Act, which act contains a complete code of procedure for the allowance and execution of search warrants, the procedure described in that act must be followed for the seizure of the property used in violation of the Prohibition Act, and it cannot be seized under a common-law libel in rem, since the Prohibition Act is in derogation of common-law rights of citizens, and the specific procedure provided for its enforcement must therefore be regarded as exclusive.

These cases are decisive of the present libel, and it follows therefrom that the libel herein must be dismissed. See, also, section 769, Blakemore on Prohibition, 1927 edition. It is very doubtful under the evidence as to whether the shipment of such medicinal preparation is intoxicating liquor fit for beverage purposes, within the meaning of the Prohibition Law; but protection against its use as such can probably be had by resorting to the provisions of the act supplemental to the National Prohibition Act (42 Stat. 222), whereby a change of formula may be required. The libel herein is dismissed, and the 13 cases of Ng Ka Py involved herein will be released in accordance with this memorandum opinion.

Attorneys for claimant will prepare an appropriate decree under the rules, and, if necessary, the court will confer with attorneys for the parties concerning such decree.