## UNITED STATES v. 20 BARRELS OF ALCOHOLIC PREPARATION, MARKED DISINFECTANT (Margot Co., Shipper).

District Court, M. D. Pennsylvania. January Term, 1928.

No. 2060.

Vandling D. Rose, John M. Gunster, and Geo. W. Ellis, all of Scranton, Pa., for petitioner.

Warren C. Graham, of Philadelphia, Pa., legal adviser to the prohibition administrator.

A. B. Dunsmore, U. S. Atty., of Wellsboro, Pa.

JOHNSON, District Judge. The court has here for disposition a motion to quash the libel, and also a petition to set aside seizure of 20 barrels alcoholic preparation, marked disinfectant, shipped by Margot Company;

to return property illegally seized; to restrain the United States of America and every officer and agent thereof from using said property, or any information gathered therefrom, or anything connected therewith against the petitioner, its officers, agents, or employees.

Without any formality of obtaining a search warrant, or other process, and not in connection with the arrest of any person for the violation of law, prohibition officers of the government seized 20 barrels of alcoholic preparation, marked disinfectant, shipped by Margot Company, in a freight station of the Erie Railroad Company at Dunmore, Pa. Two shipments, of 10 barrels each, were made from New York City to Dunmore, Pa., but were not in the course of transportation when seized, but were stored in the said railroad freight station. Samples were taken from the barrels, and upon analysis by chemists of the Prohibition Department the entire shipment of 20 barrels was declared to be intoxicating liquor for beverage purposes, and was accordingly removed from the said railroad freight station to the Quackenbush warehouse, Scranton, Pa. The seizures were made on the 16th and 17th days of September, 1927, and on January 30, 1928, a libel was filed by the plaintiff, alleging the aforesaid facts.

A motion to quash the libel was filed by Margot Company on February 15, 1928, and petition to set aside seizure was filed by Margot Company on March 13, 1928, setting forth that the 20 barrels of alcoholic preparation, marked disinfectant, shipped by Margot Company, was a manufactured finished nonbeverage product, not fit for beverage purposes, and that the same were illegally, and without proper or legal writ for the same, seized, and that the same were then and now are the property of the petitioner.

The matter came on for hearing, and it is undisputed that the shipment was seized without process of any kind, and that it was so seized and has been libeled for the violation of the National Prohibition Law (27 USCA), and not under any other statute. Under the undisputed facts in the case, the libel cannot be sustained, but must be dismissed as having no legal foundation. The libel failed to allege a seizure of the property sought to be condemned under a search warrant or otherwise, and no such seizure was in fact made.

In United States v. Thirteen Cases of Ng Ka Py (D. C.) 23 F.(2d) 713, McCormick, District Judge, said:

"The matter came on regularly for hear-

ing, and it was undisputed that the shipment was seized without process of any kind, and that it was so seized and has been libeled for the violation of the National Prohibition Law, and not under any other statute. Under this evidence, the libel cannot be sustained, but must be dismissed, as having no legal foundation. In Ghisolfo v. United States, 14 F.(2d) 389, the Ninth Circuit Court of Appeals, in disposing of a libel similar to the one at bar, stated: 'The libel failed to allege a seizure of the property sought to be condemned under a search warrant or otherwise, and no such seizure was in fact made. For this reason it is contended that the libel failed to state a cause of action, and that the court was without jurisdiction. Jurisdiction to condemn or make other disposition of intoxicating liquor * * * is not inherent in the courts. It is dependent upon statute, and the statute here in question confers no general jurisdiction in that regard. It simply provides that the outlawed property may be seized under a search warrant, issued as provided in the Espionage Act, * * * and it is only "such property so seized" that is subject to the disposition of the court. Such is the plain language of the statute, and such has been the construction placed upon it whenever called in question'—citing cases. And further on in the same case the court said: 'These decisions show very clearly that the power to condemn or declare a forfeiture must be found in the statute, and that such statutes must be pursued with at least reasonable strictness. The numerous cases cited by the government, arising under the Food and Drug Act (21 USCA §§ 1–15), have no application here, because section 10 of that act (21 USCA § 14) expressly provides that the adulterated or misbranded food or drug shall be liable to be proceeded against in any District Court of the United States within the district where the same is found, and seized for confiscation by a process of libel for condemnation. The statute now before us contains no such general provision. On the contrary, it simply provides for condemnation, forfeiture, or other disposition of property seized under a search warrant, or of vehicles seized while engaged in the act of transporting liquor in violation of law, and of the liquor so transported, and nothing more.'

"And in United States v. Franzione, 52 App. D. C. 307, 286 F. 769, the Court of Appeals of the District of Columbia held that under the National Prohibition Act, making it unlawful to possess for sale any preparation designed or intended or any property designed for the manufacture of liquor intended for use in violation of the act, and providing that search warrants may issue as provided in the Espionage Act, which act contains a complete code of procedure for the allowance and execution of search warrants, the procedure described in that act must be followed for the seizure of the property used in violation of the Prohibition Act, and it cannot be seized under a common-law libel in rem, since the Prohibition Act is in derogation of common-law rights of citizens, and the specific procedure provided for its enforcement must therefore be regarded as exclusive.

"These cases are decisive of the present libel, and it follows therefrom that the libel herein must be dismissed. See, also, section 769, Blakemore on Prohibition, 1927 Edition. It is very doubtful under the evidence as to whether the shipment of such medicinal preparation is intoxicating liquor fit for beverage purposes, within the meaning of the Prohibition Law; but protection against its use as such can probably be had by resorting to the provisions of the act supplemental to the National Prohibition Act (42 Stat. 222), whereby a change of formula may be required. The libel herein is dismissed, and the 13 cases of Ng Ka Py involved herein will be released in accordance with this memorandum opinion."

The decision of Judge McCormick is applicable to the present case, and the law cited therein controls the present case. Protection against the possible illegal use of the 20 barrels of alcoholic preparation, marked disinfectant, shipped by Margot Company, may be had by resorting to the provisions of the act supplemental to the National Prohibition Act (42 Stat. 222), whereby a change of formula may be required.

And now July 12, 1928, the libel herein is dismissed, and the 20 barrels of alcoholic preparation, marked disinfectant, shipped by Margot Company, involved herein, will be released in accordance with this opinion, after attorneys for claimants shall have prepared the proper decree, in accordance with this opinion.