## PINEIRO v. UNITED STATES.

### No. 24195–G.

District Court, N. D. California, S. D.

June 4, 1945.

L. C. Gay, of San Francisco, Cal., for libelant.

Graham & Morse, of San Francisco, Cal., for respondent.

GOODMAN, District Judge.

By exceptions to the libel herein and by supporting "exceptive allegations," respondent United States asserts that as time charterer of a Panamanian vessel, it is not liable under the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. § 741, for libelant seaman's damage alleged to have been caused by unseaworthiness of the chartered vessel.

The libel alleges that while a crew member of the Panamanian merchant vessel "Gloria," libelant was compelled to labor beyond the call of duty when the vessel was unable to maintain its position in a convoy of which it was a part, due to defective condensers, pumps and boilers. As a result, libelant alleges, he became seriously ill and thereby suffered injuries permanently incapacitating him.

It is claimed in the libel that the "Gloria" was at all times "under the full, complete and exclusive control and direction" of the United States.

The "exceptive allegations" disclose the terms of a "time charter" between the own-

95

er and the United States. The United States hired, at a stipulated rate, the entire cargo space of the vessel. The owner agreed to man, equip and victual the vessel and to use due diligence to maintain it in seaworthy condition.

Libelant maintains that the libel states a cause of action because it appears therefrom that the "Gloria" was "operated by or for the United States" (Suits in Admiralty Act, 46 U.S.C.A. §§ 741, 742); that respondent, the United States, could not be proceeded against "in rem" under Section 1 of the Act and may, therefore, be proceeded against under Section 2 thereof "in personam."

The United States, to the contrary, asserts the "time charter," as set out in the "exceptive allegations," conclusively establishes its non-liability, inasmuch as a time charterer is not responsible for the consequences of a vessel's unseaworthiness.

The time charter, however, may not be conclusive on the issue of liability. Evidence, dehors the charter, might well disclose that the United States, as alleged in the libel, actually controlled and operated the vessel. In that event, the provisions of the time charter would not per se suffice to relieve the United States of liability. Baltimore Dry Docks & Ship Bldg. Co. v. New York & P. R. S. S. Co. (The Isabella), 4 Cir., 262 F. 485.

On the other hand, if it is disclosed by the further development of the cause, that the vessel was actually operated as called for in the charter, then it will become necessary to determine the issue raised by the exceptions, namely, whether the Suits in Admiralty Act imposes liability in personam upon the United States because of the vessel's alleged unseaworthiness. The determination of this question involves an analysis of the historical background and considerations leading to the enactment of the Suits in Admiralty Act, considerations upon which a just evaluation of the extent of the "in personam" liability of the United States must rest.*

At this stage of the proceeding, however, it seems to me to be unnecessary to decide this contention. To do so, would amount to obiter dictum. In my opinion, the interests of justice do not compel final determination of the sufficiency of the cause upon the exceptions alone.

The exceptions are therefore overruled.

* See opinion of Judge Kirkpatrick on reargument filed May 17, 1945 in the case of Burkholder, Libelant, v. United States of America and War Shipping Administration, D.C.E.D.Pa., 60 F.Supp. 700. The District Court there held that the United States as time charterer of a privately owned vessel is subject to liability in personam under the Suits in Admiralty Act for maintenance and cure of an injured crew member.