## PINEIRO v. UNITED STATES.
### No. 24195–G.

District Court, N. D. California, S. D.
Dec. 12, 1945.

L. C. Gay, of San Francisco, Cal., for libelant.

Graham & Morse, of San Francisco, Cal., for respondent.

GOODMAN, District Judge.

This cause has been submitted to the court for decision on the merits after trial. Previously the court determined respondent's exceptions to the libel (D.C., 62 F.Supp. 95) but there expressly refrained from passing upon respondent's contention that the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. § 741 et seq., does not impose liability in personam upon the United States based upon the unseaworthiness of a vessel time chartered to the United States, reserving decision on that question for the trial.

After a study of the "historical background and considerations * leading to the enactment of the Suits in Admiralty Act" (62 F.Supp. 96), I am convinced that the "Gloria" was within its scope. I subscribe to the following statements of Judge Kirkpatrick, on re-argument in Burkholder v. United States, D.C., 60 F.Supp. 700, at 703:

"If the general purpose of the Suits in Admiralty Act be considered no reason is apparent to place ships time chartered by the United States outside its scope. The law was enacted 'for the purpose of relieving the United States from obstruction of its commercial traffic by the seizure of merchant vessels owned by it or under its control * * *.' Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 19 F.2d 761, 762. Vessels time chartered by the United States are instruments of the Government's commercial traffic and, in respect of obstruction of such traffic, no distinction can be drawn between the inconvenience arising from the seizure of such vessels and the seizure of those owned by the United States or operated for it under agency agreements."

The court is further of the opinion that the contention of respondent that the court lacks jurisdiction because the "Gloria" was not within the territorial waters of the United States at the time

---

* Both the Senate and House Committee reports upon the bill, which later became the Suits in Admiralty Act, clearly indicate that the Congressional purpose was not solely to immunize the United States from seizure of government owned merchant vessels, but as well to eliminate the embarrassment and handicap of in rem admiralty proceedings against merchant vessels employed in the service of the United States. See House Report No. 497, page 3 and Senate Report No. 223, pages 1–3, accompanying S.3076, 66th Cong. 2nd Sess.

the libel was filed is not sustained, inasmuch as it is admitted she was so present at the time libelant filed his amended libel herein. The contention of respondent that the "Gloria" was not a "merchant vessel" at the pertinent times is also not sustained by the evidence.

Likewise the court rules against respondent's contention that libelant is debarred from recovery because of the execution by him of a release in consideration of the payment to him of the sum of $600. The considerations upon which libelant relied in signing the release relieve him from the consequences of an acquittance in full.

I am satisfied from the evidence that the unseaworthiness of the vessel was a proximate cause of the aggravation of libelant's tubercular condition. Damages for such aggravation are recoverable. Hiltz v. Atlantic Refining Co., 3 Cir., 151 F.2d 159.

In my opinion a just award for such damages is the sum of $2500 and a decree will enter accordingly.